## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 16 2019, 10:15 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| James H. Higgason, Jr.<br>Pendleton, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana |
| | Aaron T. Craft<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| James H. Higgason, Jr.,<br>*Appellant-Plaintiff,*<br><br>v.<br><br>Indiana Department of Correction,<br>*Appellee-Defendant* | January 16, 2019<br><br>Court of Appeals Case No.<br>18A-SC-1785<br><br>Appeal from the Miami Superior Court<br><br>The Honorable J. David Grund, Judge<br><br>Trial Court Cause No.<br>52D01-1605-SC-317 |

**Vaidik, Chief Judge.**

[1]     In May 2016, James Higgason Jr. filed a pro se small-claims action against the Indiana Department of Correction seeking $533.47 in damages. The small-

claims court entered judgment for Higgason in the amount of $8.50. Appellant's App. Vol. II p. 16. Higgason then filed a "Notice of Appeal" in the trial court, not this Court. *Id.* at 14; *see* Ind. Appellate Rule 9(A). More than thirty days after the small-claims court's judgment, Higgason filed a "Belated Notice of Appeal" in this Court, arguing that he diligently pursued his appellate rights because he timely filed a notice of appeal, just in the wrong court, and that as a pro se litigant he should be held to a lesser standard. We denied Higgason's "Belated Notice of Appeal" and dismissed the case with prejudice. Higgason filed a transfer petition, which our Supreme Court denied.

[2] Undeterred, Higgason returned to the trial court and filed a "Petition for Permission to File a Belated Notice of Appeal," which the trial court denied because "there is no available remedy herein." Appellant's App. Vol. II p. 20. Higgason now appeals the trial court's denial of his petition.

[3] To the extent Higgason argues that this Court should exercise its discretion and allow him to file the notice of appeal even though it was late, *see In re D.J.*, 68 N.E.3d 574 (Ind. 2017); *In re O.R.*, 16 N.E.3d 965 (Ind. 2014), he has already made that argument to this Court and lost. And to the extent Higgason argues that there is another path to this Court and that the trial court erred by not allowing him to file a belated notice of appeal, the trial court was correct in finding that there is no such mechanism in civil cases. That is, although Indiana Post-Conviction Rule 2(1) allows a defendant "convicted after a trial or plea of guilty" to petition the trial court for permission to file a belated notice of appeal, there is no analog for civil cases. We therefore affirm the trial court.

Affirmed.

Mathias, J., and Crone, J., concur.